Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorney for Plaintiff,
Dulce Garcia-Ortiz, on behalf of herself and all others similarly situated, and on behalf of the general public

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DULCE GARCIA-ORTIZ, on behalf of herself and all others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> vs. <br><br> JANCO FS 3, LLC, a Delaware Limited Liability Company, JANCO FS3, LLC (DBA VELOCITI SERVICES), a Delaware Limited Liability Company, and DOES 1 through 10, inclusive. | CASE NO. 3:24-cv-00239-TLT <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. **FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);** <br><br> 2. **FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF (LABOR CODE § 226.7, 512 and 558);** <br><br> 3. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);** <br><br> 4. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a), (e));** <br><br> 5. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);** <br><br> 6. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b);** <br><br> 7. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF (LABOR CODE § 2802);** |

8. **FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS WORKED IN VIOLATION OF (LABOR CODE § 210, 218);**

9. **FAILURE TO PROVIDE PLACE OF EMPLOYMENT THAT IS SAFE AND HEALTHFUL IN VIOLATION OF (LABOR CODE §§ 6400, 6401, 6403, 6404, 6407, 8 CCR 3202);**

10. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;**

11. **PENALTIES PURSUANT TO LABOR CODE SECTION 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a),(e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202**

**DEMAND FOR JURY TRIAL**

PLAINTIFF, Dulce Garcia-Ortiz ("Plaintiff"), on behalf of herself and other "aggrieved employees" complains of Defendants as follows:

## I.    INTRODUCTION

1.      This is a Class and Representative Action, pursuant to Code of Civil Procedure § 382 on behalf of Plaintiff and certain individuals who are employed by, or were formerly employed by, JANCO FS 3, LLC, JANCO FS3 LLC (DBA VELOCITI SERVICES) and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") within California.

2.      For at least four (4) years prior to the filing of this action and continuing to the present (the "liability period"). Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California

employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

3.     Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

4.     Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

5.     Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

///

///

6.     Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

7.     Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

8.     Defendant failed to reimburse Plaintiff and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for their uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

9.     Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiff and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiff and Defendant's California employees were also required to provide their own masks at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 *et seq.*

10.    Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

11.    Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendants' California employees.

12.    Plaintiff, on behalf of herself and all proposed Plaintiff Class members (specifically, the "California Class" as defined herein), brings this action pursuant to Labor Code §§ 226.7, 512, and 558, Labor §§ 510, 1194, 1194.2, Labor § 226(a)(e), Labor Code § 201-203, Labor Code § 204(a)(b), Labor Code § 2802, Labor Code § 210, 218, Labor Code §§ 6400, 6401, 6403, 6404, 6407, 8CCR 3202, Business & Professions Code § 17200, et seq.

13.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.  Defendants operate within the State of California. The unlawful acts alleged herein took place in San Francisco, California.

## II.    PARTIES

### A.    PLAINTIFF

14.    Plaintiff Dulce Garcia-Ortiz is a resident of San Francisco, California. At all times relevant herein, she was employed by Defendants in San Francisco County, California. Plaintiff was employed by Defendants as a non-exempt, hourly employee in California, including in and around the city of San Francisco, County of San Francisco. During Plaintiff's employment:

A.  Plaintiff did not receive final wages upon termination.

B.  Plaintiff and the Class were not paid in a timely manner pertaining to the waiting time penalties in accordance with Labor Code §§ 201-203.

C.  Plaintiff was forced to receive inaccurately itemized and deficient wage statements, in violation of Labor Code § 226(a).

D.  Plaintiff did not receive her compensation in accordance with Labor Code Section 204 in that Defendant failed to issues wages to its employees within seven (7) calendar days

after the pay period ended.

E. Plaintiff was required to work without meal and rest periods, nor compensation in lieu thereof, as required by the Labor Code and relevant Wage Orders.

F. Plaintiff was required to work either in excess of eight hours per workday or in excess of forty hours per workweek without receiving compensation at a rate of one and one half the regular rate of pay.

G. Defendant also failed to reimburse Plaintiff and Defendant's California employees for reasonable and necessary expenses in the course of their job duties, in violation of Labor Code § 2802.

**B.    DEFENDANTS**

15.    Defendant JANCO FS 3, LLC, is a Delaware Limited Liability Company doing business in San Francisco, California. It operates within the State of California.  Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in San Francisco, California.

16.    Defendant JANCO FS3, LLC (DBA VELOCITI SERVICES), is a Delaware Limited Liability Company doing business in San Francisco, California. It operates within the State of California.  Defendants employed Plaintiff and similarly situated employees within California. The violations alleged herein arose in San Francisco, California.

17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed Class.

///

OTKUPMAN LAW
FIRM, ALC

ATTORNEYS AT LAW

## FACTUAL ALLEGATIONS

19.     Plaintiff and Defendant's California employees were routinely unable, and not authorized to take their 10-minute rest periods and were also unable to take an uninterrupted 30-minute meal break for every shift they worked. Specifically, Plaintiff and Defendant's California employees were forced to continue working through their meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff and Defendant's California employees were unable to take their required meal and rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff and Defendant's California employees who were denied timely meal and rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

20.     Plaintiff also claims that Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

21.     Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due. These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

///

///

22.     Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

23.     Our client further alleges that Defendants paid her and Defendant's California employees their final wages beyond the time frames set forth in Labor Code §§ 201 and 202. As they were not paid all wages due and owing throughout the course of their employment as a result of Defendants' failure to pay all premium wages as detailed above, at the time of their separation, they were not paid all final wages due and owing for the entirety of their employment. This violates Labor Code §§ 201-203.

24.     Defendant pays Plaintiff and it's California employees on a bi-weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

25.     Defendant failed to reimburse Plaintiff and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for their uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

26.     Defendants failed to continue to take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1). "COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiff and Defendant's California employees, directly after the onset of COVID, were required to partake in mandatory temperature and health

checks, but these activities were not enforced or practiced quickly after the onset of COVID and when COVID was still a health risk to the employees. Plaintiff and Defendant's California employees were also required to provide their own masks at the workplace. As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400, 6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for their Employees, as outlines above. Defendants are liable for civil penalties pursuant to Cal. Labor Code § 2699 *et seq.*

27.    Defendants failed to pay all wages earned to Plaintiff and Defendant's California employees as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff and Defendant's California employees were underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

28.    Plaintiff and all other aggrieved employees bring this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants as alleged above has been and continues to be unfair, unlawful, and harmful to Plaintiff and Defendants' California employees.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

30.    Plaintiff seeks to represent a class composed of and defined as follows:

## THE CALIFORNIA CLASS

31.    Class or Class Members means all current and former non-exempt employees of Defendant who worked in California at any time during the period from July 1, 2022, through the date of Preliminary Approval of the Settlement, excluding those individuals whose employment is subject to a collective bargaining agreement and/or who agreed to arbitrate employment-related disputes against Defendant.

32.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

33.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a

well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    NUMEROSITY**

34.    The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over seventy-five (75) Class members in the State of California.

35.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

**B.    COMMONALITY**

36.    There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation, whether Defendants failed to provide members of the Class with wage statements that fully and accurately itemize the requirements set forth in Labor Code §226(a), accurate final wages, and final wages on the day of termination and or within seventy-two (72) hours of separation and whether the rest periods were timely made available.

**C.    TYPICALITY**

37.    The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

**D.    ADEQUACY OF REPRESENTATION**

38.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E.    SUPERIORITY OF CLASS ACTION**

39.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not

1  practicable, and questions of law and fact common to the proposed Class predominate over any
2  questions affecting only individual members of the proposed Class. Each member of the proposed
3  Class has been damaged and is entitled to recovery by reason of Defendant's failure to comply with
   Labor Code 226(a).
4      40.    Class action treatment will allow those similarly situated persons to litigate their
5  claims in the manner that is most efficient and economical for the parties and the judicial system.
6  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this
7  action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF
## (LABOR CODE §§ 226.7, 512 and 558)

11     41.    Plaintiff incorporates paragraphs 1 through 40 of this Complaint as though fully set
12 forth herein.
13     42.    Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly
14 provide one or more meal periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7,
   512 and 558.
15     43.    Plaintiff and Defendants' California employees were routinely unable, and not
16 authorized to take an uninterrupted 30-minute meal break for every shift they worked. Specifically,
17 Plaintiff and Defendants' California employees were forced to continue working through their meal
18 breaks in order to assist Defendants' needs. Because of this, Plaintiff and Defendants' California
19 employees were unable to take their required meal breaks. Moreover, Defendants failed to pay
20 premium wages of one hour's pay for each missed meal break to Plaintiff and Defendants'
   California employees who were denied timely meal breaks, in violation of Labor Code §§ 226.7,
21 512, and 558, and IWC Order No. 5-2001, Section 12.
22     44.    Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all meal
23 period compensations, which she was owed since she commenced to work for Defendant, according
24 to proof.
25     45.    Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and
26 prejudgment interest.
27     46.    Wherefore, Plaintiff seeks to represent request relief as described below.

28

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(LABOR CODE §§ 226.7, 512 and 558)**

47.　　Plaintiff incorporates paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48.　　Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512 and 558.

49.　　Plaintiff and Defendants' California employees were routinely unable, and not authorized to take their 10-minute rest periods for every shift they worked. Specifically, Plaintiff and Defendants' California employees were forced to continue working through their rest breaks in order to assist Defendants' needs. Because of this, Plaintiff and Defendants' California employees were unable to take their required rest breaks. Moreover, Defendants failed to pay premium wages of one hour's pay for each missed rest break to Plaintiff and Defendants' California employees who were denied timely rest breaks, in violation of Labor Code §§ 226.7, 512, and 558, and IWC Order No. 5-2001, Section 12.

50.　　Pursuant to Labor Code §§ 226.7, 512 and 558 Plaintiff seeks the payment of all rest period compensations, which she was owed since she commenced to work for Defendant, according to proof.

51.　　Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

52.　　Wherefore, Plaintiff seeks to represent request relief as described below.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES IN VIOLATION OF**

**(LABOR CODE §§ 510, 1194, 1194.2)**

53.　　 Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

54.　　During the liability period, Defendant failed to pay all wages to Plaintiff and Defendant's California employees.

55.　　Defendant has failed to pay all overtime wages due to non-exempt employees. As a result, employees are not properly compensated for work performance in excess of eight (8) hours in

a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Employees of Defendant regularly work in excess of eight (8) hours in a day or more than forty (40) hours per week and do not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff and Defendant's California employees were forced to work overtime and were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

56.     As a result, Plaintiff and Defendant's California employees were not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

57.     As a result of the unlawful acts of Defendants in willfully filing to pay all alleges, Plaintiff and Defendant's California employees have been deprived of wages in amounts to be determined at trial, and are entitled to restitution and recovery of such amounts, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

## FOURTH CAUSE OF ACTION

### KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE § 226(a),(e))

58.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

59.     Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, and all hourly rates in effect, for Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

60.     Defendants failed to issue Plaintiff and Defendant's California employees accurately itemized wage statements. As Defendants failed to compensate Plaintiff and Defendants' California employees with all wages due, as detailed above, their wage statements failed to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), and net wages earned, in violation of Labor Code § 226(a)(5), and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendants' failure to pay all overtime wages due.

These violations also violate Labor Code §§ 226(e) and 226.3 with respect to Plaintiff and Defendants' California employees.

61.     Defendants knowingly and intentionally failed to provide Plaintiff and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

62.     The wage statements provided to Plaintiff and members of the Class fail to accurately itemize in wage statements total gross and net wages earned, and all hourly rates in effect for Plaintiff. Defendants' violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling them to penalties pursuant to Labor Code § 226(e).

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE IN VIOLATION OF LABOR CODE §§ 201-202, RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES)**

63.     Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

64.     At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendant.

65.     California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

66.     Plaintiff was entitled to compensation for unpaid wages, but to date has not received such compensation. Specifically, Defendant failed to pay Plaintiff all wages due to Plaintiff at the time of her separation of employment from Defendant's. Thus, since Defendant

failed to promptly pay Plaintiff all wages due to Plaintiff at the time of her separation of employment, Defendant violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

67.     More than 30 days have passed since Plaintiff's employment ended with Defendant.

68.     As a consequence of Defendant's willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendant's failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

## SIXTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)**

69.     Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

70.     At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

71.     Wages must be paid according to a regularly set schedule. (Labor Code § 204). All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204). Weekly or bi-weekly (every two weeks) payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned (Labor Code §§ 204(a), 204(b)).

72.     Defendants pay Plaintiff and its California employees on a bi-weekly basis and have failed to comply with Labor Code § 204(a) which holds that wages earned on a bi-weekly basis must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff and Defendant's California employees did not receive all of their wages earned in a timely manner as required by Labor Code § 204(a)(b).

73.     Defendants have failed to comply with the above-section because they waited longer than seven days from the close of the pay period to pay its bi-weekly paid employees.

///

///

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF**

**CALIFORNIA LABOR CODE § 2802**

74.    Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

75.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

76.    Defendant failed to reimburse Plaintiff and Defendant's California employees for the equipment they purchased to perform work for Defendant such as face masks. Moreover, Defendant failed to reimburse Plaintiff and Defendant's California employees for their uniform maintenance. Defendant further failed to reimburse its California employees for using their personal cell phones for the benefit of Defendant. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." As such, Plaintiff and Defendant's California employees have incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802.

77.    Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

78.    Plaintiff also requests relief as described below.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED, INCLUDING OVERTIME HOURS**

**WORKED IN VIOLATION OF (LABOR CODES §§ 210, 218)**

79.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

80.    Section 2(K) or Wage Order 5 defines "hours worked" as "the rime during which an employee is subject to the control of an employer, and including all the time the employee is suffered or permitted to work, whether or not required to do so." Labor Code §§ 1194 and 1197 required employers to compensate Plaintiff for all hours worked at least at a minimum wage ad established by the Wage Order. Defendants did not pay for all hours worked and frequently required

Plaintiff to work off the clock. Defendants have been engaged in many unlawful employment practices which resulted in underpayment for hours worked each pay period as more set forth below:

81.    <u>Failure to Pay All Wages Owed Twice Per Month.</u> Defendants were required to pay Plaintiff all wages earned twice during each calendar month pursuant to Labor Code § 204(a). Defendants failed to pay all wages earned to Plaintiff as a result of the unlawful employment policies and practices herein. As a result of these practices, Plaintiff was underpaid for hours worked, including overtime and penalty wages, and this underpayment resulted in a failure to pay all wages owed twice per month. Due to this failure, Defendants are liable under Labor Code § 210 for failure to pay wages as required by law.

<u>**NINTH CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE PLACE OF EMPLOYMENT THAT IS SAFE AND HEALTHFUL IN VIOLATION OF**

**(LABOR CODE §§ 6400, 6401, 6402, 6403, 6404, 6407, 8 CCR 3202)**

82.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

83.    Cal. Labor Code § 6400(a) provides that every employer shall furnish employment and a place of employment that is safe and healthful for Plaintiff therein. Cal. Labor Code § 6401 provides that "every employer shall furnish and use safety devices and safeguard, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer.

84.    Pursuant to Cal. Labor Code § 6402, no employer shall require, or permit any employee to go or be in any employment or place of employment which is not safe and healthful. Cal. Labor Code § 6403 states that no employer shall fail or neglect to provide and use safety devices and safeguard reasonably adequate to render the employment and place of employment safe, or adopt and use methods and processes reasonably necessary to protect the life, safety, and health of Plaintiff and Defendant's California employees.

85.    Cal. Labor Code § 6404 provides that no employer shall occupy or maintain any place of employment that is not safe and healthful. Cal. Labor Code § 6407 provides that every employer and every employee shall comply with occupational safety and health standards, with Section 25910 of the Health and Safety Code, and with all rules, regulations, and orders pursuant to this division which are applicable to her own actions and conduct. Defendants failed to continue to

take precautions to ensure employee safety after the onset of COVID. Under LC §6409.6(a)(1).
"COVID-19" means severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2). Plaintiff,
directly after the onset of COVID, were required to partake in mandatory temperature and health
checks, but these activities were not enforced or practiced quickly after the onset of COVID and
when COVID was still a health risk to Plaintiff and Defendant's California employees. Plaintiff and
Defendant's California employees was also required to provide their own masks at the workplace.

86.    As a result of these practices, Defendants have violated Cal. Labor Code §§ 6400,
6401, 6402, 6403, 6404, and 6407 for failure to provide a safe and healthful environment for
Plaintiff, as outlines above.

**TENTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO**

**BUSINESS & PROFESSIONS CODE § 17200**

87.    Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set
forth herein.

88.    This is an Action for Unfair Business Practices. Plaintiff Dulce Garcia-Lopez brings
this claim pursuant to *Business & Professions Code* § 17200, et seq. The conduct of all Defendants
as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff
and Defendant's California employees as a result of Defendant's failure to comply with the labor
code sections as set out above including but not limited to Labor Code Sections 6400, 6401, 6402,
6403, 6404, 6407. Plaintiff and Defendant's California employees seek to enforce important rights
affecting the public interest within the meaning of *Code of Civil Procedure* § 1021.5.

89.    Plaintiff is a "person" within the meaning of *Business & Professions Code* § 17204,
and therefore has standing to bring this cause of action for injunctive relief, restitution, and other
appropriate equitable relief.

90.    *Business & Profession Code* § 17200 *et. seq.* prohibits unlawful and unfair business
practices.

91.    Defendants have violated statutes and public policies. Through the conduct alleged in
this Complaint, Defendants, and each of them, have acted contrary to these public policies, have
violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair
business practices in violation of *Business & Professions Code* § 17200, *et seq*., depriving Plaintiff,
of rights, benefits, and privileges guaranteed to Plaintiff under law.

92.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of § 17200 *et. seq.* of the *Business & Professions Code*.

93.     As a proximate result of the above mentioned acts of Defendants, Plaintiff has been damaged in a sum as may be proven.

94.     Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to *Business & Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents, or Plaintiff, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff to the money Defendants have unlawfully failed to pay.

## **ELEVENTH CAUSE OF ACTION**

### **PENALTIES PURSUANT TO LABOR CODE § 2699(f) FOR VIOLATIONS OF LABOR CODE §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202**

95.      Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

96.     As a result of the acts alleged herein, Plaintiff seeks penalties under Labor Code § 2698 *et seq.* because of Defendants' violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202.

97.     For each such violation, Plaintiff and all aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

      a.     With respect to the violation of Labor Code § 2699(f) for violations of Labor Code §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, 8 CCR 3202, $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

98.     These penalties will be allocated 75% to the Labor Workforce Development Agency, and 25% to the affected employees.

99.     On October 2, 2023, Plaintiff sent a letter, by certified mail, return receipt requested, to the LWDA and Defendants setting forth the facts and theories of the violations alleged against

Defendants, as prescribed by Labor Code § 2698 *et seq.* **(Exhibit "A")**. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA within sixty-five (65) calendar days of October 2, 2023.  Plaintiff may therefore commence this action to seek penalties pursuant to Labor Code § 2698 *et seq.*

100.    Wherefore, Plaintiff and the aggrieved employees he seeks to represent request relief as described herein.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    That Defendants are found to have violated the requirements of Labor Code § 203 for failure to timely pay wages due at termination.

3.    That Defendants are found to have violated the requirements of Labor Code § 226(e) for failure to comply with itemized employee wage statement provisions.

4.    That Defendants are found to have violated the requirements of Labor Code § 1174(d) for failure to comply with itemized employee wage statement provisions.

5.    That Defendants are found to have violated the requirements of Labor Code § 1174.5 for failure to comply with itemized employee wage statement provisions.

6.    That Defendants are found to have violated the requirements of Labor Code § 226.7 for failure to provide meal and rest periods or compensation in lieu thereof.

7.    That Defendants are found to have violated the requirements of Labor Code § 510 for failure to pay all wages.

8.    That Defendants are found to have violated the requirements of Labor Code § 1194.2 for failure to pay all wages.

9.    That Defendants are found to have violated the requirements of Labor Code § 204(b) for failure to timely pay employees.

10.    That Defendants are found to have violated the requirements of Labor Code § 2802 for failure to reimburse for business expenses.

11.    That Defendants are found to have violated the requirements of Labor Code § 210 for failure to pay all hours worked, including overtime hours worked.

12. That Defendants are found to have violated the requirements of Labor Code § 6400 for failure to provide a place of employment that is safe and healthful.

13. That Defendants are found to have violated the requirements of Business and Professions Code § 17200 et seq.;

14. For penalties and other relief pursuant to Labor Code § 2698 et seq. for Plaintiff and all other aggrieved employees;

15. An award providing for payment of costs of suit pursuant to Labor Code § 2699(g)(1);

16. An award of attorneys' fees pursuant to Labor Code § 2699(g)(1);

17. An award of prejudgment and post-judgment interest;

18. An award providing for payment of costs of suit;

19. An award of attorneys' fees; and

20. Such other and further relief as this Court may deem just and proper.


Dated:  February 19, 2025                    OTKUPMAN LAW FIRM,
                                             A Law Corporation


                              By: _____
                                  ROMAN OTKUPMAN
                                  Attorneys for Plaintiff

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated:  February 19, 2025                    OTKUPMAN LAW FIRM,
                                             A Law Corporation


                              By: _____
                                  ROMAN OTKUPMAN
                                  Attorneys for Plaintiff