1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DULCE GARCIA-ORTIZ,                    Case No.  24-cv-00239-TLT

8                  Plaintiff,              **ORDER GRANTING MOTION FOR**
                                           **PRELIMINARY APPROVAL OF**
9           v.                             **CLASS AND REPRESENTATIVE**
                                           **ACTION SETTLEMENT AND**
10   JANCO FS 3, LLC, et al.,              **PROVISIONAL CLASS**
                                           **CERTIFICATION**
11                Defendants.
                                           Re: Dkt. No. 27
12

13          Plaintiff Dulce Garcia-Ortiz and California employees of Defendant Janco FS 3, LLC

14   (DBA Velociti Services) (hereinafter, "Velociti") were allegedly forced to work through their

15   meal and rest breaks in order to accommodate Velociti's needs.  They were denied overtime wages

16   and accurate itemized statements.  In lieu of pursuing prolonged litigation, the parties engaged in

17   arms-length negotiations and reached a settlement.

18          Before the Court is Plaintiff's motion a motion for preliminary approval of class and

19   representative action settlement and provisional certification of class, filed on February 28, 2025.

20   ECF 27.  Velociti did not file an opposition.  On April 29, 2025, the Court heard oral argument on

21   Plaintiff's motion.

22          Having considered the briefings, relevant law, terms of the settlement agreement, class

23   notice, as well as the record in this case, and based on the reasons and terms set forth herein, the

24   Court **GRANTS** the Plaintiff's motion for preliminary approval of class action settlement and

25   provisional class certification.  However, as the parties conceded during oral argument, the

26   University of California Berkeley's Institute for Research on Labor and Employment shall be

27   named as a *cy pres* recipient in lieu of the settlement agreement's reversion clause.

28

*(left margin, vertical)* United States District Court  Northern District of California

## I.    BACKGROUND

### A.    Procedural History

On January 12, 2024, Plaintiff filed a class action complaint against Velociti.  ECF 1.  On December 19, 2024, the parties reached a settlement on a class and representative basis after arms-length negotiations with the assistance of Magistrate Judge Sallie Kim.  ECF 22 at 2.  On February 24, 2025, the Court granted the parties' request for Plaintiff to file an amended complaint to ensure that the complaint's class definition matches the class definition in the parties' settlement agreement.  *See* ECF 24, 25.

On February 25, 2025, Plaintiff filed an amended complaint asserting the following claims against Velociti: (1) failure to provide meal periods or compensation in lieu thereof in violation of Labor Codes §§ 226.7, 512 and 558; (2) failure to provide rest periods or compensation in lieu thereof in violation of Labor Codes §§ 226.7, 512 and 558; (3) failure to pay all wages in violation of Labor Codes §§ 510, 1194, 1194.2; (4) knowing and intentional failure to comply with itemized employee wage statement provisions in violation of Labor Code § 226(a),(e); (5) failure to pay wages due at the time of discharge in violation of Labor Code §§ 201–202, resulting in waiting time penalties; (6) failure to timely pay employees in violation of Labor Code § 204(a)(b); (7) failure to reimburse for business expenses in violation of California Labor Code § 2802; (8) failure to pay for all hours worked, including overtime hours, in violation of Labor Codes §§ 210, 218; (9) failure to provide place of employment that is safe and healthful in violation of Labor Codes §§ 6400, 6401, 6402, 6403, 6404, 6407 and 8 C.C.R. § 3202; (10) unfair competition pursuant to Business & Professions Code § 17200; and (11) penalties pursuant to Labor Code 2699(f) for violation of Labor Codes §§ 226.7, 512, 558, 510, 1194, 1194.2, 226(a), (e), 201-203, 204(a)(b), 2802, 210, 218, 6400, 6401, 6403, 6404, 6407, and 8 C.C.R. § 3202.  ECF 26 ¶¶ 41–100.

Plaintiff, a resident of San Francisco, California and previously employed by Velociti as a non-exempt, hourly employee, seeks to represent a California class consisting of all current and former non-exempt Velociti employees who worked in California during the period of July 1, 2022 through the Preliminary Approval of the Settlement date, excluding individuals whose employment is subject to a collective bargaining agreement or who agreed to arbitrate

2

1    employment-related disputes against Velociti.  *Id*. ¶¶ 14, 31.

2        **B.    Terms of the Settlement Agreement**

3        Under the terms of the Settlement Agreement, Velociti will pay $190,000 into a common

4    settlement fund, without admitting liability.  *See* Settlement Agreement ¶¶ 3.1, 5.2.  This Gross

5    Settlement Amount includes attorneys' fees and costs, the cost of settlement administration, the

6    Plaintiff's class representative service award, payment for PAGA penalties, and tax expenses.

7        1.    Attorneys' Fees and Costs

8        Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to 33 and 1/3% of

9    the Gross Settlement Amount, currently estimated as $63,327, and litigation expenses of actual

10   costs incurred, currently estimated as $2,256.76.  *See* Settlement Agreement ¶ 3.2.2; Otkupman

11   Decl. ¶¶ 34, 37; ECF 29-1, Exhibit D; ECF 34 at 1.  The Gross Settlement Amount includes

12   payment to the settlement administrator, which is not to exceed $6,500.  *See* Settlement

13   Agreement ¶ 3.2.3; ECF 29-1, Exhibit F.  Plaintiff Garcia-Ortiz will receive a class representative

14   service payment of $7,500.  Settlement Agreement ¶ 3.2.1.  The Gross Settlement Amount also

15   includes a $15,000 PAGA penalties payment, $11,250 of which will be paid to the California

16   Labor & Workforce Development Agency and $3,750 will be distributed to the participating class

17   members in accordance with the Settlement Agreement.  *See id.* ¶ 3.2.5.

18       2.    Class Relief

19       After deductions from the Gross Settlement Amount for fees, costs, and service incentive

20   awards, the Net Settlement Amount available to participating class members will consist of

21   approximately $95,416.24.  See ECF 34 at 1.  Each of the estimated 85 class members will receive

22   a pro rata distribution of the Net Settlement Amount, an average of $1,122.54, without having to

23   submit a claim form, unless the class member chooses to exclude herself or himself.  *See*

24   Settlement Agreement ¶ 3.1; ECF 34 at 1.  Each participating class member's distribution will be

25   calculated by "(a) dividing the Net Settlement Amount by the total number of Workweeks worked

26   by all Participating Class Members during the Class Period and (b) multiplying the result by each

27   Participating Class."  Settlement Agreement ¶ 3.1 ¶¶ 3.2.4, 3.2.4.2, 7.3.3.

28

United States District Court
Northern District of California

3.  Reversion Clause / *Cy Pres* Recipient

The Settlement Agreement provides that any class member's uncashed check will be considered void after 90 days of the mailing date. *Id.* ¶ 4.4.1. "[A]ny residual funds from the uncashed settlement checks shall revert to [Velociti]." *Id.* ¶ 4.4.3. However, the parties are "agreeable to amending the agreement to remove this provision and to distribute the residual funds to a *cy pres* recipient" and propose the University of California Berkeley's Institute for Research on Labor and Employment. ECF 34 at 3.

## II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A.    Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). Before 2018, the Ninth Circuit "instructed courts engaging in Rule 23(e)'s 'fair, reasonable, and adequate' analysis to consider the following non-exhaustive list of factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement." *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 674 (9th Cir. 2025) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

Notably, "[i]n 2018, Rule 23(e) was amended to prescribe its own multi-factor test." *Id.* Now, the Court considers the following factors to determine whether a settlement is fair, reasonable, and adequate:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii) the terms of any proposed award of attorney's fees, including timing of

4

1    payment; and
2         (iv) any agreement required to be identified under Rule 23(e)(3); and
     (D) the proposal treats class members equitably relative to each other.

3  *See id.* (citing Fed. R. Civ. P. 23(e)(2)(A)–(D)).  "The key *Hanlon* factors are now baked into the

4  text of Rule 23(e), and the remaining ones can still be considered for Rule 23(e)(2) analysis." *Id.*

5  Settlements that occur before formal class certification also "require a higher standard of fairness."

6  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  The Court must also ensure

7  that "the settlement is not the product of collusion among the negotiating parties."  *In re Bluetooth*

8  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

9      **B.    Class Definition and Basis for Conditional Certification**

10      The Settlement Agreement, attached hereto as **Exhibit A**, defines the Settlement Class as:

11

12          All current and former non-exempt employees of Defendant who
            worked in California at any time during the Class Period, excluding
13          those individuals whose employment is subject to a collective
            bargaining agreement and/or who agreed to arbitrate employment-
14          related disputes against Defendant.

15  Settlement Agreement ¶ 1.5. The class period for the Settlement Class is from July 1, 2022

16  through the date of preliminary approval of settlement. Settlement Agreement ¶ 1.12.

17      The amended complaint proposed the following class:
18          [A]ll current and former non-exempt employees of Defendants who
            worked in California at any time during the period from July 1,
19          2022, through the date of Preliminary Approval of the Settlement,
            excluding those individuals whose employment is subject to a
20          collective bargaining agreement and/or who agreed to arbitrate
            employment-related disputes against Defendants.
21

22  ECF 26 ¶ 31.

23      The Court finds that, for purposes of settlement, Plaintiff has satisfied the requirements of

24  Rule 23(a) as well as the requirements for certification under one or more subsections of Rule

25  23(b). With numerosity under Rule 23(a)(1), the Settlement Class includes 85 members, making it

26  so numerous that joinder of all members is impracticable.  *See Ries v. Ariz. Beverages USA LLC*,

27  287 F.R.D. 523, 536 (N.D. Cal. 2012) ("While there is no fixed number that satisfies the

28  numerosity requirement, as a general matter, a class greater than forty often satisfies the

1   requirement, while one less than twenty-one does not.").

2        Rule 23(a)(2) commonality requires "questions of fact or law common to the class,"

3   though all questions of fact and law need not be in common.  *Hanlon*, 150 F.3d at 1026.  The

4   focus of this action—whether Velociti provided meal and rest breaks, pay for overtime, and

5   itemized wage statements—is common to all class members.

6        Rule 23(a)(3) requires the Plaintiff show that "the claims or defenses of the

7   representative parties are typical of the claims or defenses of the class."  Here, Plaintiff and Class

8   Members were or are employees of Velociti.  Neither party asserts that Plaintiff is subject to

9   unique defenses.  *See DZ Reserve v. Meta Platforms, Inc*., 96 F.4th 1223, 1238 (9th Cir. 2024)

10  ("We will affirm a district court's typicality determination if the district court did not commit a

11  clear error of judgment in concluding that the named plaintiff would not be subject to unique

12  defenses such that typicality would be defeated.") (cleaned up).

13       With respect to Rule 23(a)(4), the Court finds Plaintiff Dulce Garcia-Ortiz and class

14  counsel fairly and adequately represent the interests of the Class.  No conflicts of interest appear

15  between Plaintiff Garcia-Ortiz and the members of the Settlement Class. Otkupman Decl., ¶ 31.

16  Class Counsel has also demonstrated that it has extensive experience in wage and hour and class

17  action litigation and are therefore adequate to represent the Settlement Class.

18       The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate

19  and "a class action is superior to other available methods for fairly and efficiently adjudicating"

20  the claims here.  Class members will recover based on the same alleged injuries over the course of

21  their current or former employment with Velocitti.

22       Based on the foregoing, the proposed class is conditionally certified pursuant to Rule

23  23(c).

24       **C.    Settlement Agreement as Modified Appears Fair and Reasonable**

25       The Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2).

26  Based upon the information before the Court, the Settlement Agreement falls within the range of

27  possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the

28  Class and for setting a Fairness and Final Approval Hearing.

1    As to the Rule 23(e) factors, the Court finds that the factors indicate the settlement here is

2    fair and reasonable.  Plaintiff adequately represents the class and the settlement was negotiated at

3    arm's length with the assistance of Magistrate Judge Kim.  *See Rodriguez v. W. Publ'g Co*., 563

4    F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-

5    collusive, negotiated resolution . . . and have never prescribed a particular formula by which that

6    outcome must be tested."); *Free Range Content, Inc*., No. 14-cv-2329, 2019 WL 1299504, at *6

7    (N.D. Cal. Mar. 21, 2019) ("[T]he Court notes that a presumption of correctness is said to attach to

8    a class settlement reached in arm's-length negotiations between experienced capable counsel after

9    meaningful discovery.") (cleaned up).  Proceeding to trial would have been costly; recovery was

10   not guaranteed; and there is a possibility of protracted appeals.  *See Rodriguez*, 563 F.3d at 966

11   ("West's anticipated motion for summary judgment, and a motion to bifurcate . . . [and]

12   [i]nevitable appeals would likely prolong the litigation, and any recovery by class members, for

13   years. This factor, too, favors the settlement.").  During oral argument, the parties conceded that a

14   *cy pres* recipient, University of California Berkeley's Institute for Research on Labor and

15   Employment, may be named and replace the settlement agreement's reversion clause.

16   Moreover, the Settlement Agreement appears to treat Class Members equitably relative to

17   each other.  Class Members will receive a Class Notice stating the estimated dollar distribution

18   amount based on the class member's work weeks and PAGA pay periods. Settlement Agreement ¶

19   7.2.2.  Class Members will then have 60 days after the Administrator mails the Class Notice, or 74

20   days if the Administrator has to re-mail the class notice, to challenge the applicable class

21   workweeks and PAGA pay periods.  *Id*. ¶ 7.4; *see Thomas v. Magnachip Semiconductor Inc.*, No.

22   14-cv-1160, 2016 WL 1394278, at *8 (N.D. Cal. Apr. 7, 2016) ("The Court concludes that any

23   period shorter than 60 days is too short a time to allow class members to properly respond.").

24   Participating Class Members will receive a payment distribution without having to submit any

25   claim as a condition of payment.  Settlement Agreement ¶ 3.1.

26   Based on the foregoing, the Court conditionally certifies the California Class, Otkupman

27   Law Firm as Class Counsel, and Plaintiff Dulce Garcia-Ortiz as Class Representative.  The

28   Settlement Agreement shall be modified to omit the reversion clause and name the University of

California Berkeley's Institute for Research on Labor and Employment as a *cy pres* recipient. A Modified Settlement Agreement is attached hereto as **Exhibit C.**

### III.    PLAN OR NOTICE, ALLOCATION, AND ADMINISTRATION

#### A.    Notice Plan

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

The Court approves form of the Notice of Class Action Settlement attached as **Exhibit B** to this Order ("Class Notice"). Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment

8

or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.  The forms of plan of notice are therefore **APPROVED**.

### B.    Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in Plaintiff's motion and the class notice.

### C.    Settlement Administration, Objections, and Opt Out

Pursuant to the terms set forth in the Settlement Agreement, Apex Class Action Administration is appointed to act as the Settlement Administrator.  *See* Settlement Agreement ¶ 7.1.

Within 30 days of this order, and no later than May 30, 2025, Velociti shall provide the Administrator with the Class Data in the form of a Microsoft Excel spreadsheet. Settlement Agreement ¶ 4.2.  Within 14 days of receiving the Class Data, the Administrator, and no later than June 13, 2025, the Administrator shall distribute the Class Notice according to Settlement Agreement ("Notice Date").  *Id*. ¶ 7.2.2.  After the time has passed for Class Members to opt out of the class, the Administrator shall disburse the Gross Settlement Amount without asking or requiring participating class members to submit any claim as a condition of payment.  *Id*. ¶ 3.1.

Class members shall have 60 days from the Class Notice mailing date, or 74 days if re-mailed Class Notice, to opt out of the class.  *Id*. ¶ 7.2.2.  A participating class member has the option to object to the fairness of the settlement or the distribution amount within 60 days from the Class Notice mailing date, or 74 days if re-mailed Class Notice.  *Id*. ¶¶ 7.5.1, 7.5.2.  Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded and must be signed by the class member seeking exclusion.

Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

### D.    Attorneys' Fees and Class Representative Award

Plaintiff and her counsel shall file their motion for attorneys' fees, costs, and for Class Representative award no later than September 2, 2025.  Each settlement class member shall have the right to object to the motion for attorneys' fees, costs, and Class Representative award by

United States District Court
Northern District of California

1    filing a written objection with the Court no later than September 15, 2025.

2         Plaintiff shall file a reply brief responding to any timely objection no later than September

3    22, 2025.

4         **E.    Fairness and Final Approval Hearing**

5         All briefs, memoranda, and papers in support of final approval of the settlement shall be

6    filed no later than September 2, 2025.

7         The Court will conduct a Fairness and Final Approval Hearing on Tuesday, November 18,

8    2025, at 2:00 p.m., to determine whether the Settlement Agreement should be granted final

9    approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and

10   argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's

11   motion for attorneys' fees and for Class Representative awards.

12        Class members may appear, by counsel or on their own behalf, to be heard in support of or

13   opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class

14   Representative awards by filing a Notice of Intention to Appear no later than November 1, 2025.

15        The Court reserves the right to continue the date of the final approval hearing without

16   further notice to Class members.

17        The Court retains jurisdiction to consider all further applications arising out of or in

18   connection with the Settlement.

19        **F.    Post-Distribution Accounting**

20        If final approval is granted, the parties will be required to file a Post-Distribution

21   Accounting in accordance with this District's Procedural Guidance for Class Action Settlements

22   and at a date set by the Court at the time of the final approval hearing. Counsel should prepare

23   accordingly.

24   **IV.    CONCLUSION**

25        The Court finds the settlement agreement as modified is fair, reasonable, and adequate

26   under 23(e)(2) of the Federal Rules of Evidence.  The University of California Berkeley's Institute

27   for Research on Labor and Employment shall be named as a *cy pres* recipient in lieu of the

28   settlement agreement's reversion clause.

United States District Court
Northern District of California

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | May 30, 2025 |
| Class Notice to be sent by | June 13, 2025 |
| Motion for Final Approval to be filed by | September 2, 2025 |
| Class Counsel to file their motion for fees and costs and Class Representative award | September 2, 2025 |
| Class Members' deadline to submit written objection to attorneys' fees, costs, or class representative award | September 15, 2025 |
| Class Counsel to file reply to Class Member written objection to attorneys' fees, costs, or class representative award | September 22, 2025 |
| Fairness and Final Approval Hearing | November 18, 2025 NOTE: Subject to change without further notice to the Class |

This Order resolves ECF 27.

IT IS SO ORDERED.

Dated: April 29, 2025

TRINA L. THOMPSON
United States District Judge